UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-302-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TREVOR CARLOS HYLTON, | ) | |
| Defendant. | ) | |

This matter again is before the court on Trevor Carlos Hylton's renewed pro se motion to withdraw his guilty plea [DE-56]. The court denied his previous request [DE-53], by order of September 20, 2012, incorporating the Government's Response [DE-54].

This time, Hylton alleges in a conclusory manner that his attorney brain-washed him into signing a plea agreement, and that he now has discovered "concrete evidence" to prove that the "prosecutor, the detective and the S.A. agent are involve [sic] with bribing two witnesses to testify at my trial, they also fraud [sic] all their paperwork to get me indicted, also supersede [sic] my indictment, after knowing the fact that I am not the person on the indictment they indicted." Motion [DE-56]. Hylton did not, however, reveal any of the "concrete evidence" of fraud and bribery, although he asserts that he wishes to proceed with his trial. See id.

After a jury was selected and seated for Hylton's trial to begin on August 13, 2012, Hylton changed his mind and entered a guilty plea, the terms of which provided, in exchange for Hylton's agreement to plead guilty to Counts One and Three of his [Superseding] Indictment [DE-33], the Government agreed to dismiss Count Two, and that a downward

adjustment 3 levels was appropriate for Hylton's acceptance of responsibility under U.S.S.G. § 3E1.1. See Plea Agreement [DE-52].

As the Government noted, and the court accepted, in determining whether a defendant has met his burden to withdraw his plea of guilty after a Rule 11 hearing, the court must consider six factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly has asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the United States; and (6) whether it would inconvenience the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991); see also, e.g., United States v. Hebron, 442 Fed. Appx. 887 (4th Cir. 2011).

In denying Hylton's previous motion to withdraw his guilty plea, the court adopted the Government's rationale and determined that Hylton had not met his burden. Hylton has failed to offer any evidence, credible or not, to support a determination that his plea was not knowing or voluntary. He responded under oath to the court's Rule 11 colloquy, and the court found as a fact that his plea was, in fact, entered knowingly and voluntarily.

Although Hylton has not credibly declared he is innocent, he states in the instant motion that, "I am not the person on the indictment they indicted." The court finds, however, there has not been a significant delay in Hylton's efforts to withdraw his guilty plea, which factor favors Hylton. Hylton had close assistance of competent counsel leading up to his entry of the guilty plea, but the record is devoid of any indication whether and to what extent he has

2

Case 5:11-cr-00302-F   Document 57   Filed 10/15/12   Page 2 of 5

consulted his retained attorney in conjunction with his motions to withdraw his guilty plea. Of course, it would be prejudicial to the Government to some extent to have to try the charges against Hylton, but that factor is not dispositive. Unfortunately, Hylton's initial change of plea – from not guilty to guilty – came too late to avoid unnecessarily inconveniencing those several dozen citizens who appeared for jury service and the fourteen who were required to return the morning Hylton's trial was to begin, only to be sent home. This second about-face would have the court summon yet another jury pool from which to select a second trial jury, require the Government again to assemble its witnesses and evidence, and necessitate a second trial-prep for defense counsel.

Again, Hylton's allegations are conclusory and lacking in any measure of factual detail that would permit the court to assess the veracity and likelihood of his general allegation that he is the subject of a plot among the Assistant United States Attorney, investigating law enforcement personnel and his own attorney to have him falsely prosecuted and convicted. Indeed, he has admitted his guilt as to Counts One and Three under oath in open court. Pursuant to the plea agreement now in effect, Hylton is subject to at least five years and up to 50 years'

imprisonment,[1] *unless* he is determined to be an Armed Career Criminal, in which case he would be subject to a maximum term of life imprisonment, plus 40 years.[2]

Should Hylton be permitted to withdraw his guilty plea, any prior statements he has made (including his admissions of guilt at the Rule 11 hearing) would be admissible against him. If he then were convicted after trial of all three counts, he would face a minimum sentence of ten years in prison, plus life imprisonment, plus 40 years, *unless* he is determined to be an Armed Career Criminal, in which case he would be subject to at least 25 years in prison, plus *two* life sentences, all to run *consecutively*. The fine, special assessment and supervised release terms recited in footnote 1, *supra*, would apply.

Hylton's sentencing hearing currently is scheduled for the court's December 3, 2012, term. On the record now before the court, Hylton has failed to make sufficient showing under controlling law to support withdrawal of his guilty plea, entered and accepted on August 13, 2012. Unless and until Hylton proffers a credible factual predicate upon which a determination may be made that his admission of guilt and his sworn responses to the court's

---

[1] The parties' Plea Agreement [DE-52] recites that Hylton's guilty plea to Counts One and Three subjects him to a total of fifty years imprisonment, plus $8.25 million fine, not less than 11 years supervised release and a $200 special assessment. In fact, a plea of guilty to those counts carries a maximum fine amount of $5.25 (not $8.5) million and a term of at least 4 (not 11) years supervised release.

[2] The Plea Agreement [DE-52] contains no recitation of the penalties associated with Armed Career Criminal status, and it may be that the Government is confident that such status cannot be imposed in this case.

4

inquiries during his Rule 11 hearing were coerced or made unknowingly, his Motion to Withdraw his Plea of Guilty [DE-56] is DENIED.³

    SO ORDERED.

    This, the 15th day of October, 2012.

                                      JAMES C. FOX
                                      Senior United States District Judge

---

³ Hylton is strongly encouraged to discuss his options and their consequences with his attorney.