UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-302-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| TREVOR CARLOS HYLTON, | ) | |
| Defendant. | ) | |

Trevor Carlos Hylton has filed additional pro se requests for relief following the court's denial of his motions to withdraw his guilty plea [DE-53 and DE-56]. See Orders [DE-55 and DE-57]. In both his motion for a hearing [DE-58] prior to the date of his scheduled sentencing hearing and his filing in support thereof [DE-59], Hylton again asserts that he is the victim of a plot among the Assistant United States Attorney, his retained defense counsel and law enforcement personnel to falsely prosecute and convict him.

He contends that the superseding indictment [DE-33] against him fails to charge a crime under 21 U.S.C. § 846 (drug conspiracy) because Count One does not allege that he entered an agreement with at least one other person and did not name any other alleged co-conspirator. He also contends the Government has no evidence – physical or scientific – to convict him, and that his lawyer misrepresented to him that if he signed the plea agreement, Count One would "go away." See Motion [DE-58]. Additionally, Hylton explains that the State of North Carolina violated his Fourteenth Amendment Equal Protection Clause rights, as well as his Ninth and Tenth Amendment rights, his civil rights and other privileges or immunities guaranteed by the United States Constitution.

Hylton reiterates his allegation that his lawyer brainwashed and misled him. He contends that he did not have "a 'Rule 11" hearing," that he did not understand what was happening, and that he only "went along with" it all because he had come to court after an arrest for driving without a North Carolina driver's license "from July 1, 2011." Memorandum [DE-59], p. 2. It is not apparent whether Hylton is referencing in document [DE-59] the federal charges on which he was arraigned and entered a plea agreement on August 12 and 13, 2012, or some other charges pending in state court.

As to Hylton's specific allegations, the court makes the following observations. First, the record will show that the superseding indictment [DE-33] properly alleges a drug conspiracy (". . . the defendant herein, together with others, did knowingly and intentionally . . . agree . . . to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. . . ."). Superseding indictment [DE-33], Count One, p. 1.

Because Hylton admitted in open court, under oath, that he *did* do the acts alleged in Counts One and Three of the superseding indictment, and that he is, *in fact*, guilty of those offenses, the Government is not required to produce additional physical, testimonial or scientific evidence of his guilt. Cf. United States v. Alston, 611 F.3d 219, 225 (4th Cir. 2010) (explaining necessity (in a different context) that the district court find facts to support a guilty plea, the appellate court observed, "the [Supreme] Court held that a sentencing court determining whether a guilty plea "necessarily admitted elements of [a predicate] offense is limited to the terms of the charging document, the terms of a plea agreement or *transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant,* or to some

2

comparable judicial record of this information." (Emphasis in original) (internal citation omitted)). Hylton's own sworn admissions provide the necessary factual predicate for his convictions as to Counts One and Three.

For the same reasons expressed in the orders [DE-55& DE-57] denying his motions to withdraw his guilty plea [DE-53 & DE-56], and those stated herein, the court DENIES Hylton's most recent pro se filings [DE-58 and DE-59] seeking a hearing in advance of the December 3, 2012, term of court. At that time, Hylton and his attorney, as well as the Assistant United States Attorney, will have the opportunity to express and address Hylton's post-plea, pro se allegations. For instance, Hylton may avail himself at that time of the opportunity to explain to the court why he gave false answers, under oath in open court, to the court's direct questions to him during the August 2012, court appearances.[1] The court thereafter will assess whether the parties' positions necessitate further proceedings.

SO ORDERED.

This, the 7th day of November, 2012.

JAMES C. FOX
Senior United States District Judge

---

[1] Prior to his next court appearance, Hylton again is strongly urged to consult with his attorney to recall both the questions he was asked by the court, and the answers he provided under oath, and to review the promises and representations Hylton made by signing the Memorandum of Plea Agreement [DE-52].

3