IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00302-F-1
No. 5:14-CV-00064-F

| | |
|---|---|
| TREVOR CARLOS HYLTON, )<br>      Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | O R D E R |

This matter is before the court on Trevor Carlos Hylton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-78, -82].[1] In the Memorandum of Law filed in support of Hylton's § 2255 motion, he alleges that he requested a direct appeal, but his attorney never responded or filed a notice of appeal. Amend. Mem. of Law [DE-82-1] at 3. In Hylton's Amended Affidavit attached to his § 2255 motion, Hylton states, "After sentencing, I told Allard I want [sic] to appeal the excessive sentence and prosecutorial misconduct, but he said I should think it over and get in touch with him later." Amend. Affid. [DE-82-2] ¶ 33. Hylton further states, "Soon after my arrival, I began calling and writing to counsel to obtain a copy of my legal documents and to file my direct appeal, as a check on the Court showed that no appeal was filed." *Id.*

In the Memorandum of Law filed in support of the Government's Motion for Summary Judgment, the Government has included an Affidavit from Hylton's attorney, James L. Allard, Jr. *See* Mem. of Law [DE-87-1] Exhibit A. In Allard's Affidavit, he states as follows:

---

[1] Hylton's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-78], which was filed on February 5, 2014. At the court's direction, Hylton filed a "conforming" motion [DE-82] on March 4, 2014.

> That following the sentencing Hylton actually thanked me in [sic] for the work I had done. I met with the mother of his child outside of the courthouse and that ended my contact with Hylton for months. He did not request that I appeal his case after the sentence was announced. I did not receive any phone calls from the jail requesting that I appeal his case. Hylton, was a prolific letter writer, I did not receive any letters requesting that I appeal his case. I found it odd that months went by with no communication from him at all.

*Id.* ¶ 28. Allard further stated, "[M]y first post sentencing communication with Hylton was in fact a letter and he was requesting a copy of all the contents of his file. Still no request for an appeal." *Id.* ¶ 30.

Rule 8 of the Rules Governing Section 2255 Proceedings provides that it is within the discretion of the district court to determine whether an evidentiary hearing is warranted. The court may decide a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In this case, the court finds that a credibility issue exists and the Government has not conclusively shown that Hylton is not entitled to relief on his § 2255 motion. For these reasons, the court concludes that an evidentiary hearing is necessary. Accordingly, the Clerk is DIRECTED to schedule an evidentiary hearing in this case.

Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, when an evidentiary hearing is warranted, the court must appoint an attorney to represent a moving party who qualifies to have appointed counsel under 18 U.S.C. § 3006A. Although Hylton had retained counsel when he was previously before this court, it is not clear whether Hylton presently qualifies for appointed counsel. Therefore, the Clerk is DIRECTED to mail Hylton a financial affidavit so that it can be determined if he qualifies for appointed counsel.

2

SO ORDERED.

This  14  day of October, 2015.

_____
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

3